IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OTIS MICHAEL BRIDGEFORTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 13-1346-GMS |
| | ) |
| ANN MARIE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

The plaintiff, Otis Michael Bridgeforth ("Bridgeforth"), filed this lawsuit on July 29, 2013, pursuant to "Statute 430." (D.I. 2.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915.

## I. BACKGROUND

Named as defendants are Ann Marie, the branch manager at M&T Bank and M&T Bank in Wilmington, Delaware. On July 29, 2013, Bridgeforth, who has an account at M&T, was unable to withdraw the remaining balance in his account. The defendants refused to allow Bridgeforth to withdraw the remaining balance in his account, telling him the system was down. Bridgeforth alleges that he saw other customers approach either a bank teller or a CSR and they were serviced. Bridgeforth alleges that the defendants discriminated against him by reason of race, color, and sex. He raises his claims pursuant to Statute 430 and the Eighth Amendment to the United States Constitution.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Bridgeforth proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted

2

pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Bridgeforth leave

to amend his complaint unless amendment would be inequitable or futile. *See Grayson v.*

*Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See*

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The

assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the

elements of a cause of action supported by mere conclusory statements." *Id.* at 678. When

determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v.*

*UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a

claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true,

but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine

whether the facts alleged in the complaint are sufficient to show that Bridgeforth has a "plausible

claim for relief."[1] *Id.* at 211. In other words, the complaint must do more than allege

Bridgeforth's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.*

"[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of

misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to

relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

---

[1] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

3

## III.  DISCUSSION

Bridgeforth filed his complaint pursuant to "Statute 430."  There is no such statute.  He also invokes the Eighth Amendment to the United States Constitution which forbids cruel and unusual punishment.  The complaint, however, fails to state a claim under the Eighth Amendment.  In addition, the allegations are conclusory and, in this court's experience, do not state a plausible claim for relief.  Finally, the court does not have diversity pursuant to 28 U.S.C. § 1332 as the parties are not diverse.  Therefore, the court will dismiss the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

## IV.  CONCLUSION

For the above reasons, the court will dismiss the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).  Amendment is futile.

An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

_____Nov 18____, 2013
Wilmington, Delaware

4